**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Lisa Cristia, individually and on behalf of all others similarly situated, | | 1:22-cv-01788 |
| Plaintiff, | | |
| - against - | | Hon. Robert W. Gettleman |
| Trader Joe's Company, | | |
| Defendant | | |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion to Dismiss the Complaint

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................ 1

INTRODUCTION ................................................................................................................ 3

FACTUAL BACKGROUND ............................................................................................... 3

LEGAL STANDARDS ........................................................................................................ 4

ARGUMENT ....................................................................................................................... 4

I.      DEFENDANT'S PERSONAL ATTACKS ON PLAINTIFF'S COUNSEL
        ARE UNCIVIL AND UNSUPPORTED ................................................................. 4

II.     6

III.    EXPECTATION THAT JUICE WAS NOT PROCESSED BEYOND BEING
        "COLD-PRESSED" NOT IMPLAUSIBLE ........................................................... 6

        A.      Defendant's Authorities Would Allow Disclaimer to Cure Misleading
                Front Label ................................................................................................... 6

        B.      "Literal Truth" that Product was "Cold Pressed" Fails to Prevent
                Deception ...................................................................................................... 8

        C.      Context Supports Denying Dismissal ......................................................... 10

IV.     Consumer fraud multi-state claims should proceed ......................................... 11

V.      PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS ................ 11

        A.      "Cold Pressed" Warranted the Absence of Additional Processing ............ 11

        B.      Pre-Suit Notice is Not Required .................................................................. 11

        C.      Magnuson-Moss Warranty Act Violation is Viable ................................... 12

VI.     COMMON LAW CLAIMS ARE ADEQUATELY PLED ................................... 12

        A.      Special Relationship Supports Negligent Misrepresentation Claim .......... 12

        B.      Rule 9(b) is Satisfied ................................................................................... 12

        C.      Unjust Enrichment is a Distinct Cause of Action ....................................... 13

VII.    PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF ................... 13

CONCLUSION...................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................. 2

*Bell v. Publix Super Markets, Inc.*,
    982 F.3d 468 (7th Cir. 2020) ....................................................................... 3, 5, 6, 8

*Bell v. Publix Super Mkts., Inc.*,
    982 F.3d 468 (7th Cir. 2020) ..................................................................................... 7

*Bonahoom v. Staples, Inc.*,
    No. 20-cv-1942, 2021 WL 1020986 (N.D. Ill. Mar. 17, 2021) .......................... 9, 10

*Bonte v. US Bank, N.A.*,
    624 F.3d 461 (7th Cir. 2010) ..................................................................................... 9

*Bynum v. Fam. Dollar Stores, Inc.*,
    No. 20-cv-06878, 2022 WL 837089 (S.D.N.Y. Mar. 21, 2022) ............................... 3

*Chiappetta v. Kellogg Sales Co.*,
    No. 21-cv-3545, 2022 WL 602505 (N.D. Ill. Mar. 1, 2022) .............................. 7, 11

*Cleary v. Philip Morris Inc.*,
    656 F.3d 511 (7th Cir. 2011) ................................................................................... 11

*Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*,
    636 N.E.2d 503 (1994) ............................................................................................ 10

*Danone, US, LLC v. Chobani, LLC*,
    362 F. Supp. 3d 109 (S.D.N.Y. 2019) ....................................................................... 8

*Doe v. Vill. of Deerfield*,
    819 F.3d 372 (7th Cir. 2016) ..................................................................................... 4

*Elder v. Bimbo Bakeries USA, Inc.*,
    No. 21-cv-637, 2022 WL 816631 (S.D. Ill. Mar. 17, 2022) ..................................... 4

*Floyd v. Pepperidge Farm, Inc.*,
    581 F. Supp. 3d 1101 (S.D. Ill. 2022) ...................................................................... 6

*Harris v. Kashi Sales, LLC*,
    No. 21-cv-50376, 2022 WL 2390933 (N.D. Ill. July 1, 2022) ................................. 4

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
    155 F. Supp. 2d 1069 (S.D. Ind. 2001) ................................................................. 10

*Kraft, Inc. v. FTC*,
    970 F.2d 311 (7th Cir. 1992) ..................................................................................... 6

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................. 11

*Maldonado v. Creative Woodworking Concepts*,
    296 Ill. App. 3d 935 (1998) ....................................................................................... 9

*Manley v. Hain Celestial Grp., Inc.*,
    417 F. Supp. 3d 1114 (N.D. Ill. 2019) ..................................................................... 10

*Matter of Cliffdale Assocs., Inc.*,
    103 F.T.C. 110 (1984) ................................................................................................ 8

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
    91 Ill. 2d 69 (1982) ................................................................................................. 10

*Robinson v. Toyota Motor Credit Corp.*,
    775 N.E.2d 951, 201 Ill. 2d 403, 266 Ill. Dec. 879 (2002) ........................................ 3

*Spector v. Mondelez Int'l, Inc.*,
    178 F. Supp. 3d 657 (N.D. Ill. 2016) ...................................................................... 11

*Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*,
    475 F.3d 824 (7th Cir. 2007) ................................................................................... 10

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................... 10, 11

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 2

**Statutes**

810 ILCS 5/2-607(3)(a) ....................................................................................... 9

815 ILCS 505/1 ................................................................................................... 1

**Treatises**

FTC Statement on Deception,
    103 F.T.C. 174 (1984) ............................................................................................. 10

U.S. Food & Drug Admin.,
    What You Need to Know About Juice Safety (Feb. 17, 2022) ................................... 10

## INTRODUCTION

Plaintiff Lisa Cristia ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Trader Joe's Company ("Defendant" or "Trader Joe's") to Dismiss the Complaint ("Compl."). ECF Nos. 1, 5.

Plaintiff brings claims for damages for violations of Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq*., Compl. ¶¶ 72-78, and the consumer protection laws of Arkansas, Iowa, Wyoming, Texas, Nebraska, South Dakota, West Virginia, Utah, Idaho, Alaska, and Montana, Compl. ¶¶ 79-83, breaches of warranty, Compl. ¶¶ 84-99, and common law claims, Compl. ¶¶ 100-111, on behalf of purchasers of Defendant's juices as "Cold Pressed" under its Trader Joe's brand (the "Product"). Compl. ¶ 1. Plaintiff seeks monetary and injunctive relief, expenses, and reasonable attorneys' fees. Compl. at 15-16, Prayer for Relief, ¶¶ 2-5.

Defendant argues that the claims should be dismissed because, among other reasons, the allegations are not plausible. *See* Memorandum of Law in Support of Motion to Dismiss ("Def. Mem.") at 4, ECF No. 6.[1] Defendant's Motion should be denied.

## FACTUAL BACKGROUND

Defendant sells "juice represented as 'Cold Pressed'" on the front label, "in the produce section of its stores, in proximity to fresh fruit and vegetable products." Compl. ¶¶ 2, 11. The front panel of "[O]ther juice products sold by Defendant" "prominently inform[s] consumers" "of subsequent processing steps they are subjected to." Compl. ¶¶ 16-17. However, these additional steps are only "disclosed through the fine print on the side [panel]," resulting in Plaintiff expecting

---

[1] In support of its Motion, Defendant also submits a Request for Judicial Notice ("RJN"). ECF No. 7.

"the Product was not processed after being cold pressed." Compl. ¶ 74. Had Plaintiff known the

truth, she "would not have bought the Product or would have paid less." Compl. ¶ 22.

## LEGAL STANDARDS

To proceed beyond a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), a

complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 556 (2007). A claim is plausible when the plaintiff pleads "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

## I.     DEFENDANT'S PERSONAL ATTACKS ON PLAINTIFF'S COUNSEL ARE UNCIVIL AND UNSUPPORTED

Defendant's moving papers begin not by engaging with the substance of the Complaint's

allegations, but by disregarding the Seventh Circuit's admonition that "civility in litigation is

extremely important to the practice of law." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926,

946 (7th Cir. 1997).

This Circuit's Standards for Professional Conduct applies to "lawyers participating in any

proceeding in this Circuit." *Johnson v. Statewide Investigative Servs., Inc.*, No. 20-cv-1514, 2021

WL 825653, at *9 (N.D. Ill. Mar. 4, 2021) citing Seventh Circuit's Standards for Professional

Conduct, "Preamble."

By characterizing the allegations as part of "a broader – and concerning – pattern of this

same [P]laintiff's counsel bringing iterative, frivolous class action suits in forum after forum,

against defendant after defendant," Defendant fails to abide by Standards Two and Four, that

prohibit "disparaging personal remarks or acrimony toward other counsel" and "attribute[ing] bad

motives or improper conduct to other counsel." Def. Mem. at 1 n. 1 citing *Bynum v. Fam. Dollar*

4

*Stores, Inc.*, No. 20-cv-06878, 2022 WL 837089, at *2 (S.D.N.Y. Mar. 21, 2022) and *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 90 (S.D.N.Y. 2021).

Interestingly, the support for Defendant's arguments comes from cases outside of this Circuit, relying on *100% Grated Parmesan Cheese*, where a district court held that even if the front label promisingly a product that was only cheese was "ambiguous," "[it] was resolved 'by the readily accessible ingredient panel[s]." *Boswell*, 570 F. Supp. 3d at 94 quoting *In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*, 275 F. Supp. 3d 910, 923 (N.D. Ill. 2017) and *Bynum*, 2022 WL 837089, at *4 citing *Boswell*, 570 F. Supp. 3d at 94.

These decisions were issued almost a year after the Seventh Circuit overturned *100% Grated Parmesan Cheese*, noting that its application of "[an] ambiguity rule [] departs dramatically from [consumer-protection laws]" and "has long been rejected" by the Federal Trade Commission ("FTC") Act. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 478 (7th Cir. 2020).

The ICFA "mandates that 'consideration shall be given to the interpretations of the [FTC] and the federal courts relating to Section 5(a) of the [FTC] Act,'" which instructs that "[T]o be considered reasonable, the interpretation or reaction [to an advertisement] does not have to be the only one." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 201 Ill. 2d 403, 266 Ill. Dec. 879 (2002) quoting 815 ILCS 505/2; FTC Statement on Deception, 103 F.T.C. 174, 175 (1984) ("Deception Policy Statement").

Defendant failed to cite the parallel decisions from district courts in this State about identical representations which applied *Bell*, because "[a] back-label ingredient list[s] can[not] immunize defendants from suit for ambiguous front labels." *Rudy v. Fam. Dollar Stores, Inc.*, 583 F. Supp. 3d 1149, 1159-60 (N.D. Ill. 2022) (almonds) citing *Bell*, 982 F.3d at 476 and *Elder v. Bimbo Bakeries USA, Inc.*, No. 21-cv-637, 2022 WL 816631, at *2 (S.D. Ill. Mar. 17, 2022)

(denying dismissal of claims that "All Butter" was misleading and distinguishing *Boswell* by citing *Bell*, 982 F.3d at 483, because "interpretation of this ambiguous [all butter] label is a question of fact").

## II. EXPECTATION THAT JUICE WAS NOT PROCESSED BEYOND BEING "COLD-PRESSED" NOT IMPLAUSIBLE

In seeking dismissal, Defendant's arguments are based on (1) out-of-Circuit decisions of district courts, (2) the truthfulness of the "Cold-Pressed" statement, and (3) the side-panel "disclaimer" informing consumers of additional processing. Def. Mem. at 8-10. None of these arguments are consistent with the legal standard which requires the Court "to accept as true" Plaintiff's factual allegations that she "believed the Product was not processed after being cold pressed." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 374 (7th Cir. 2016); Compl. ¶ 74.

### A. Defendant's Authorities Would Allow Disclaimer to Cure Misleading Front Label

Defendant's assertion that "[C]ourts have resoundingly rejected the theory Plaintiff advances here" "is of no bearing here." Def. Mem. at 8 citing *Campbell v. Drink Daily Greens, LLC*, No. 16-cv-7176, 2018 WL 4259978, at *3 (E.D.N.Y. Sept. 4, 2018) ("*Daily Greens*"), *Campbell v. FreshBev LLC*, 322 F. Supp. 3d 330, 341 (E.D.N.Y. 2018) ("*FreshBev*"), and *Davis v. Hain Celestial Grp. Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018); *Harris v. Kashi Sales, LLC*, No. 21-cv-50376, 2022 WL 2390933, at *3 (N.D. Ill. July 1, 2022) (declining to credit arguments which "Rel[ied] entirely on non-binding case law").

In *Daily Greens*, *FreshBev*, and *Davis*, the courts concluded that because "[T]here [wa]s no 'only' or 'exclusively' modifier before 'cold-pressed'" and subsequent processing steps were explained on "the side panels," there was no deception. *Campbell*, 2018 WL 4259978, at *3 quoting *FreshBev*, 2018 WL 3235768, at *6; *see also Davis*, 297 F. Supp. 3d at 332 (describing "side label" disclosure as "prominently displayed").

6

Defendant's reliance on this trio of cases, and particularly on the earliest amongst them, *Davis*, is contrary to controlling decisions in the Second and Seventh Circuit. Unlike *Boswell* and *Bynum* which preceded yet disregarded *Bell*, *Davis* adopted the reasoning of *100% Grated Parmesan Cheese*, which held that "clarification [i.e., a side panel or ingredient list] can defeat the claim." *Davis*, 297 F. Supp. 3d at 334 citing *In re 100% Grated Parmesan Cheese*, 275 F. Supp. 3d at 922.

Moreover, these cases were decided prior to the Second Circuit's controlling decision in *Mantikas*, adopted by *Bell*, which affirmed that "[C]onsumer-protection laws do not impose on average consumers an obligation to question the labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product." *Bell*, 982 F.3d at 476-77 citing *Mantikas v. Kellogg Co.*, 910 F.3d 633, 638-39 (2d Cir. 2018) and *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

Despite the different products in *Bell* (cheese), *Mantikas* (whole grains), and *Williams* (children's fruit juice), the Seventh, Second and Ninth Circuits emphasized that "the reasonable consumer standard does not presume, at least as a matter of law, that reasonable consumers will test prominent front-label claims by examining the fine print on the back label." *Bell*, 982 F.3d at 477.

Whether "[Plaintiff] would likely be deceived by the Juice labels, notwithstanding the existence of the [high pressure processing] on the [side] label in small but nevertheless bold type" is "not one of those 'rare situations'" "in which granting a motion to dismiss is appropriate." *Shane v. Fla. Bottling, Inc.*, No. 17-cv-02197, 2017 WL 8240786, at *8 (C.D. Cal. Aug. 9, 2017) (whether disclosure of "pasteurized" on back label was sufficient to disclaim front label representations was

"a question of fact not properly resolved at this stage of the litigation.") quoting *Williams*, 552 F.3d at 939.

B.     <u>"Literal Truth" that Product was "Cold Pressed" Fails to Prevent Deception</u>

That Plaintiff "challenge[d] [] a factually accurate statement" and "[did not] identif[y] any 'untruths on the packaging'" is not a bar to deception, because "literally true claims may deceive" through because "misleading implications." Def. Mem. at 8 quoting *Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *5 (N.D. Ill. Mar. 1, 2022) quoting *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1109 (S.D. Ill. 2022) *compare with Bell*, 982 F.3d at 479 (applying Lanham Act standard to "reasonable consumer"); *Kraft, Inc. v. FTC*, 970 F.2d 311, 322 (7th Cir. 1992) citing FTC Statement on Deception, 103 F.T.C. at 175 n. 20.

Since a "material omission, like a misrepresentation, is actionable under the ICFA," and Plaintiff alleged she "would not have purchased the [Product] if [Defendant] had disclosed [high pressure processing]" on the front label, "she has adequately alleged that such an omission was material to her." *Kinman v. Kroger Co.*, No. 21-cv-1154, 2022 WL 1720589, at *5 (N.D. Ill. May 27, 2022) (citing 815 ILCS 505/2 and denying dismissal where plaintiff alleged failure to disclose absence of smoking from front label was misleading notwithstanding "that the ingredient list on the back of the package accurately listed 'SMOKE FLAVOR'") citing *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 492, 221 Ill. Dec. 389, 675 N.E.2d 584 (Ill. 1996).

Although Defendant contends "courts [that] have repeatedly acknowledged, '[c]old pressed' does not cease to be a truthful moniker for the juice simply because there were subsequent steps in the juice's production process," taking the Product's representation in context establishes that no additional methods were taken after it was "Cold Pressed." Def. Mem. at 9 citing *Campbell*, 2018 WL 4259978, at *3 and *Davis*, 297 F. Supp. at 335.

The "Cold Press[ing]" process is similar to what consumers understand "fresh squeezed juice" to mean, and its placement "in the produce section, [] in proximity to fresh fruit and vegetable products," gave "consumers the impression it [was] freshly made." Compl. ¶ 11.

This is in contrast to other juices that are placed in "standard refrigerator cases, because [they are] not freshly made or only cold pressed." Compl. ¶ 12. As such, Plaintiff and reasonable consumers expected the Product conformed to its "Cold Pressed" statement, that it was not "processed after being extracted." Compl. ¶ 57.

Unlike the allegations in *Davis*, the "label taken as a whole [does not] make clear that the juice was subjected to pressure for food safety purposes" because the statement "[w]e [] use a cold water pressure method called HPP (high pressure processing) to maintain the safety of the juice" was ambiguous since that process could have been done during the "cold press" method. Def. Mem. at 9 citing *Davis*, 297 F. Supp. 3d at 335; Compl. ¶ 13.

Here, the Product's representations of "Cold Press Juice," "Green," and "Perishable, Keep Refrigerated" led Plaintiff and consumers to believe the Product was an authentic "Cold Press" juice that did not undergo additional processes. Compl. ¶¶ 2, 15. Such belief amounts to "more than a mere possibility that a label might conceivably be misunderstood by some few consumers viewing it in [a] [un]reasonable manner." *Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *3 (N.D. Ill. Mar. 1, 2022).

Defendant's assertion that Plaintiff must show "a significant portion of the general consuming public…acting reasonably in the circumstances, could be misled" is inapposite and inconsistent with the ICFA. Def. Mem. at 5-6 quoting *Bell*, 982 F.3d at 474-75 (7th Cir. 2020).

The "reasonable consumer standard" does not require Plaintiff to show that "a significant portion of the general consuming public" would be misled, because "[a] material practice that

misleads a significant minority of reasonable consumers" is sufficient to show a deceptive practice. Def. Mem. at 5-6 citing *Bell*, 982 F.3d at 474-75; *Matter of Cliffdale Assocs., Inc.*, 103 F.T.C. 110, 115 n. 20 (1984); FTC Statement on Deception, 103 F.T.C. 174, 175 n.20 (1984) ("Deception Policy Statement").

    C.        <u>Context Supports Denying Dismissal</u>

Although "the label specifi[ed]…that the [product was] subject to HPP [high pressure processing] following the extraction of the juices," this disclaimer did little to dispel the belief that the beverage it did not go through a second process. Def. Mem. at 6; Compl. ¶ 13. This disclosure also indicated that the Product then used a "cold water pressure" that maintained the safety of the juice. Compl. ¶ 13. However, this "fine print [was] on the side of the Product" and was ambiguous in its effects. Compl. ¶ 15.

Whether "the juice products sold on grocery store shelves are generally subject to further processing following extraction" is irrelevant, because "[c]onsumer-protection laws do not impose on average consumers an obligation to question the labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product." Def. Mem. at 9 citing U.S. Food & Drug Admin., What You Need to Know About Juice Safety (Feb. 17, 2022); *Bell*, 982 F.3d at 477 citing *Danone, US, LLC v. Chobani, LLC*, 362 F. Supp. 3d 109, 123 (S.D.N.Y. 2019) ("[A] parent walking down the dairy aisle in a grocery store, possibly with a child or two in tow, is not likely to study with great diligence the contents of a complicated product package, searching for and making sense of fine-print disclosures … Nor does the law expect this of the reasonable consumer.").

In addition, the absence of modifiers such as "'only' or 'exclusively' [] before 'cold-pressed' to indicate that the juice has been subjected to no other process," does not negate

Plaintiff's reasonable belief. Def. Mem. at 11 citing *FreshBev*, 322 F. Supp. 3d at 341 and *Daily Greens*, 2018 WL 4259978, at *3.

## III.     CONSUMER FRAUD MULTI-STATE CLAIMS SHOULD PROCEED

Defendant contends that Plaintiff's Consumer Fraud Multi-State Class claims fail because she "merely piggyback[s] on the ICFA claim," which "fail for the same reasons." Def. Mem. at 12; Compl. ¶ 79.

There is no reason to expect the preferences of the Consumer Fraud Multi-State Class differ from citizens of this State, in light of the allegations that "[L]ike 'fresh squeezed juice,' consumers understand 'cold pressed juice' refers to juice which was extracted from fruits and vegetables and not processed or subjected to any form of preservation beyond being 'squeezed' or 'pressed.'" Compl. ¶ 10. Whether Plaintiff can represent the Multi-State Class is an issue more appropriately addressed at class certification. *Bonte v. US Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

## IV.     PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS

### A.     "Cold Pressed" Warranted the Absence of Additional Processing

Defendant's argument against the warranty claims, that because it did not represent the Product was "not subject to any further processing," fails "for the same reasons [her] ICFA allegations [a]re adequate." Def. Mem. at 12; *Bonahoom v. Staples, Inc.*, No. 20-cv-1942, 2021 WL 1020986, at *7 (N.D. Ill. Mar. 17, 2021); Compl. ¶ 15.

### B.     Pre-Suit Notice is Not Required

Defendant's reliance on the failure to "provide appropriate pre-suit notice" is inconsistent with 810 ILCS 5/2-607(3)(a), which makes no reference to the filing of any legal action. Def. Mem. at 12-13 citing 810 ILCS 5/2-607(3)(a).

Plaintiff purchased the Product "between March 19, 2021, and August 19, 2021" and "within a reasonable time after [she] discover[ed]…[the] breach notif[ied]" Defendant by filing

this action on April 7, 2022. Compl. ¶ 56; *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1110 (S.D. Ind. 2001) (finding notice sufficient through filing suit).

### C. Magnuson-Moss Warranty Act Violation is Viable

Contrary to Defendant's argument, Plaintiff's plausible warranty claims support her Magnuson-Moss Warranty Act ("MMWA") claim. Def. Mem. at 14 citing *Jones v. Apple, Inc.*, No. 15-cv-249, 2016 WL 11647699, at *5 (S.D. Ill. Aug. 22, 2016); *Bonahoom*, 2021 WL 1020986 at *8 (N.D. Ill. Mar. 17, 2021) (finding MMWA requirements similar to express and implied warranty).

## V. COMMON LAW CLAIMS ARE ADEQUATELY PLED

### A. Special Relationship Supports Negligent Misrepresentation Claim

Even though "Plaintiff indisputably claims a pure economic loss," her "claim [does not] fall[s] within Illinois' 'exception to the *Moorman* doctrine.'" Def. Mem. at 14-15 citing *Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1120 (N.D. Ill. 2019) and *Moorman Mfg. Co. v. National Tank Co.*, 91 Ill. 2d 69, 88 (1982).

As a company with "an industry-wide reputation for quality and value," "holding itself out as having special knowledge and experience in this area," Trader Joe's had "a [non-delegable] duty," "outside of the contract," to provide non-deceptive information, which it breached. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 515 (1994) citing *Moorman Mfg. Co.*, 91 Ill. 2d 69, 88 (1982); Compl. ¶¶ 36, 46, 101.

### B. Rule 9(b) is Satisfied

Though Defendant contends the Complaint fails to establish "fraudulent intent," Fed. R. Civ. P. 9(b) provides that "intent [and] knowledge [] may be alleged generally." Def. Mem. at 15 citing *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007).

Plaintiff "adequately allege[d] the 'who, what, where, when, and how'" of the fraud, "sufficient to satisfy [] Fed. R. Civ. P. 9(b)." Def. Mem. at 17 citing *Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 671-72 (N.D. Ill. 2016).

The "who" was "Trader Joe's Company." Compl. ¶ 33. The "what" was its juice represented as "Cold Pressed." Compl. ¶ 1. The "where" and "when" was at "Trader Joe's, 190 N Northwest Hwy, Park Ridge IL 60068-3342 between March 19, 2021, and August 19, 2021." Compl. ¶ 56. The "how" was the "introduction of cold temperatures" during and/or after the "cold press" method was used, the use of a "centrifugal machine" that "causes an increase in temperature," and "process[ing] or subject[ing] [the Product]" to [a] form of preservation beyond being 'squeezed' or 'pressed.'" Compl. ¶¶ 8-10.

## C.    Unjust Enrichment is a Distinct Cause of Action

Defendant is correct that unjust enrichment "falls [or stands] with the remainder of [Plaintiff's] claims," which is why "fundamental principles of justice, equity and good conscience" require all causes of action to proceed. Def. Mem. at 16 citing *Ibarrola*, 83 F. Supp. 3d at 761; *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011); Compl. ¶ 111.

## VI.    PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF

Though Defendant contends that Plaintiff lacks standing to pursue injunctive relief as she is now "aware of [Defendant's] [] deceptive practice," the Complaint asserted that she "is unable to rely on the labeling and representations not only of this Product, but other similar fruit juice products which were not highly processed, because she is unsure whether those representations are truthful." Def. Mem. at 17 quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992); Compl. ¶ 64.

13

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's Motion or in the alternative

grant leave to file an Amended Complaint.

Dated:    September 24, 2022

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
spencer@spencersheehan.com
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080

14

**Certificate of Service**

I certify that on September 24, 2022, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|:---:|:---:|:---:|:---:|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan

1